**"O"**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM PETRUNIO, | ) | Case No. SACV 05-00375-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff William Petrunio ("Plaintiff") seeks review of the Commissioner's final decision denying his applications for Disability Insurance Benefits ("DIB"). For the reasons stated below, the Commissioner's decision shall be reversed and this action is remanded to the Commissioner for further proceedings.

I. **Factual and Procedural Background**

Plaintiff was born on June 24, 1959 and was 45 years old at the time of the administrative hearing. (Administrative Record ("AR") at 51). He has a high school education and "apprentice" training. (AR at

68).  He has worked primarily as a machinist for his entire adult life. (AR at 75).

Plaintiff filed an application for DIB on May 9, 2002, alleging that he had been disabled and unable to work since July 1, 2001, due to hereditary multiple exostoses ("HME").[1]  (AR at 62, 96).  The Social Security Administration denied the application initially and on reconsideration.  (AR at 41-50).  At Plaintiff's request, an administrative hearing was held before Administrative Law Judge ( "ALJ") E.M. Koldewy on October 1, 2003.  (AR 147-174).  Plaintiff, who was represented by counsel, testified at the hearing.  No medical expert or vocational expert testified at this initial hearing, although the ALJ subsequently sent written interrogatories to Dr. Alanson Mason, who was designated as a medical expert.  (AR at 127-131).

Plaintiff testified that he last worked at JK Engineering as a machinist. (AR 152).  He quit that job in 2001 after a disagreement with his employer over smoking in the workplace. (AR 153, 159).  He looked for work for several months and then stopped looking due to pain in his leg. (AR 154).  Plaintiff stated that he was currently unable to work due to pain in his lower back and right leg. (AR 155, 158).  He takes Vicodin for the pain and uses a cane to walk. (AR 159)

On July 22, 2004, a supplemental hearing was held at which time the ALJ took testimony from Plaintiff and Susan Allison, a vocational expert.  (AR 168-173).  Plaintiff testified that he was still not working, was living with his mother and was receiving General Relief.

---

[1]    Hereditary Multiple Exostoses (HME) is a skeletal disorder characterized by multiple bony growths or tumors, often on the growing bone of the long bones of the legs, arms and digits.  They can cause deformities of the ankle, knee and wrist.  They can cause limitations of movement. See Http://www.webmd.com/hw/health_guide_atoz/nord973.asp

The ALJ posed a hypothetical based upon the conclusions reached by Dr. Mason, who had never examined Plaintiff, but who had come up with a residual functional capacity assessment consistent with a finding that Plaintiff could still perform a limited range of light work. Ms. Allison testified that with the limitations identified by the ALJ, Plaintiff could not return to his past work. (AR 171). However, the VE testified that such person could perform work such as a furniture rental consultant and a boat rental clerk, both of which are light and unskilled, which did not require more than occasional reaching. (AR 172).

On August 22, 2004, the ALJ issued a decision finding that Plaintiff was not under a disability as defined in the Social Security Act. (AR at 15-23). The ALJ found that Plaintiff suffered from the serious impairments of congenital multiple exostoses and a large exostosis causing intermittent right leg sciatica and a protruding disc at L4-L5, but that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4 ("the Listings"). (AR at 22). The ALJ further found that Plaintiff was capable of performing a limited range of light work activities, including the ability to: stand and/or walk six hours in an eight-hour day; sit two hours in an eight-hour day; lift and carry up to 20 pounds occasionally and 10 pounds frequently; no limitations on the use of his hands for simple grasping pushing and pulling of arm controls; no use of his right foot for repetitive movements such as leg controls; no ability to climb ladders; and somewhat restricted in activities involving unprotected heights and driving automotive equipment. (AR at 22). The ALJ concluded that with this residual functional capacity, Plaintiff was

precluded from performing his past relevant work, but using the medical vocational guidelines as a framework for analysis, found that there were sufficient jobs in the economy that Plaintiff could perform including furniture rental consultant and boat rental clerk.  (AR at 23).

On August 23, 2004, the Appeals Council denied review.  (AR at 3-4).  Plaintiff then commenced this action for judicial review.

The parties filed a Joint Stipulation of disputed issues on January 19, 2006.  Plaintiff raises the following arguments:

1. The ALJ erred in rejecting Plaintiff's testimony.

2. The ALJ erred in failing to accord proper weight to the opinion of Dr. Warren Yu, an examining physician; and

3. The ALJ erred in relying on the testimony of the vocational expert.

Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further development of the record.  The Commissioner requests that the ALJ's Decision be affirmed.  The Joint Stipulation has been taken under submission without oral argument.

## II.  **Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole.  42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion.  *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996).  It is more

4

than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720.  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.*  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

## III.  Discussion

### A.   The ALJ Erred in Rejecting The Opinions of the Examining Physicians in Favor of the Non-Examining Medical Expert.

Plaintiff claims that the ALJ erred in rejecting the opinion of Dr. Yu, a consulting physician, and relying instead upon the interrogatory answers provided by Dr. Alanson M. Mason.  (Joint Stipulation at 13). Plaintiff is correct.  Moreover, the court finds that the ALJ erred in rejecting the opinions of all examining physicians in the absence of specific and legitimate reasons to do so.

It is the responsibility of the ALJ to resolve conflicts and ambiguities in the medical record and determine credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1989).  Thus, the ALJ determines which medical opinions should be given the most weight in light of the general rule in this circuit that, among the three types of physicians-- (1) treating physicians, *i.e.*, those who treat the claimant; (2) examining physicians, *i.e.*, those who examine but do not treat; and (3) non-examining physicians, *i.e.*, those who neither examine nor treat--the most weight should be given to the opinion of a treating source. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  "The opinion of an

5

examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Id*.   The ALJ may reject the opinion of a treating or examining physician if the ALJ provides specific and legitimate reasons for doing so that are based on substantial evidence in the record. *Id*. at 830-31; *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)("[I]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record"). If a treating physician's opinion is uncontradicted, the ALJ's reasons for rejecting the opinion must be clear and convincing. *Lester*, 81 F.3d at 830-31. Nevertheless, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). In addition, if the opinion of a non-treating source is based upon independent clinical findings that differ from those of the treating physician, the opinion of the non-treating source may itself be substantial evidence on which the ALJ may rely. *Andrews*, 53 F.3d at 1041.

On December 11, 2003, after the initial administrative hearing in this case, Dr. Mason answered specific interrogatories sent to him by the ALJ. Based upon his review of the medical record, Dr. Mason found that Plaintiff suffered from a protruded disc at the L4-L5 level, congenital multiple exostoses and intermittent right sciatica. (AR 127). He noted that based upon the medical record, there was no evidence of motor weakness, atrophy, neurological deficit, joint involvement, and that Plaintiff did not require an assistive device. (AR 128). He also noted that exostoses were usually not painful, unless in proximity to a

nerve or joint.  (AR 130).  Dr. Mason concluded that Plaintiff could lift 10 pounds frequently and 20 pounds occasionally; sit two hours a day and stand six hours in a day; and occasionally bend, squat, crawl, climb and reach. (AR 131).  These findings were adopted by the ALJ in their entirety.  (AR 18, 22).

The medical evidence, observations and opinions provided by all other physicians involved in the case, as well as the observations of a disability case worker, contradict that of Dr. Mason.  On May 9, 2002, Plaintiff was interviewed by a disability case worker, who observed that Plaintiff had difficulty sitting and walking.  The worker stated: Walked with a cane-limped.  Had to stand after sitting 10 minutes." (AR 73).

On July 20, 2002, Plaintiff was evaluated by Dr. Warren Yu at the request of the Disability Evaluation Division.  Dr. Yu noted that Plaintiff was using a cane.  There was decreased range of motion in the cervical and thoracolumbar spine; short arm bones; a leg length discrepancy; and sciatica.  Dr. Yu noted that Plaintiff would need a cane for ambulation; would need to sit for six out of eight hours; not stand more than two hours; have a ten pound weight limitation; and could not stoop, kneel or crawl.  (AR 101-104).

This conclusion was supported by Dr. Mebane, apparently a review physician for the disability evaluation board, who reported on December 9, 2002, that he had reviewed the medical evidence and found that Plaintiff was limited to sedentary work activities. (AR 108).

On January 13, 2003, Plaintiff was examined by Dr. Brian Ewald. (AR 122-27).  The physical examination and x-rays revealed a large mass on the posterior aspect of Plaintiff's right hip and a bulging disc.  The mass was described as mobile and "very probably at the very proximal aspect of the right femur.  This is exactly where it can cause local

7

pressure on the sciatic nerve." (AR 123). Dr. Ewald recommended further treatment.

On February 7, 2003, Dr. Gus Calleros noted that Plaintiff was a new patient suffering from exostoses, resulting in misshapen bones causing painful impingements of muscles and nerves that limit ambulation. (AR 96).

The record in this case reveals that all of the physicians who examined Plaintiff found, based upon their observations and the objective medical evidence, that Plaintiff suffered from both exosteses and a disc impairment which would likely cause Plaintiff pain, impair his mobility and limit Plaintiff, at best, to work at the sedentary exertional level. Each one of these physicians observed Plaintiff and found nothing irregular with his claimed need to us an assistive device for ambulation. Rather than accept these findings, the ALJ, based upon perceived inconsistencies in Plaintiff's testimony, chose instead to accept the findings of the non-examining medical expert. In doing so, he gave no reasons for rejecting the findings and conclusions of the treating and examining physicians. This resulted in clear legal error and accordingly, the Court finds that the decision is not supported by substantial evidence.[2]

\\

\\

\\

------

[2]  As noted above, Plaintiff also challenges to the ALJ's adverse credibility determination. Because the ALJ failed to properly evaluate the treating doctors' opinions, and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the credibility issue would independently require reversal. However, the Court recommends that the ALJ consider all of Plaintiff's arguments when determining the merits of his case on remand.

**IV.   Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).   Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding case for reconsideration of credibility determination).

Here, there are outstanding issues that must be resolved before a determination of disability can be made because the ALJ did not provide sufficient findings to support the rejection of the examining doctors' opinions.   Accordingly, remand is appropriate for the ALJ to further evaluate the medical evidence and to make appropriate findings. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989)(remanding case for reconsideration of treating physician's opinion).

\\

\\

\\

\\

\\

## <u>ORDER</u>

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:  March 2, 2006                    */s/ Marc L. Goldman*

                                         _____
                                         MARC L. GOLDMAN
                                         United States Magistrate Judge